IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGENCY INTERNATIONAL     *
    *
    *
v.     *     Civil No. – JFM-15-449
    *
UNITED STATES OF AMERICA     *
    ******

## MEMORANDUM

Petitioners have filed a petition to quash IRS summonses. The United States has responded and has filed a motion for summary enforcement of the summonses. Petitioner's petition will be denied, and the United States' motion for summary enforcement will be granted.

In order to enforce a contested summons, the IRS must demonstrate that: (1) "the investigation will be conducted pursuant to a legitimate purpose;" (2) "the inquiry may be relevant to the purpose;" (3) "the information sought is not already within the Commissioner's possession;" and (4) "the administrative steps required by the [Internal Revenue] Code have been followed." *United States v. Powell*, 379 U.S. 48, 57-58 (1964). If these requirements are met, "good faith in issuing the summons" is demonstrated. *United States v. Stewart*, 49 U.S. 353, 359 (1989). Once this showing of good faith has been made, the burden shifts to the party challenging a summons either to disprove one of the four factors cited above or to demonstrate that enforcement of the summons would constitute an abuse of the court's process.

Here, each of the four factors has been met. Petitioners contend, however, that enforcement of the summonses would constitute an abuse of the court's processes. I will briefly address the contentions made by petitioners.

1

First, assuming that there was some misunderstanding as to whether Mr. Ayyad resided at the house where the summons was served, any such misunderstanding does not demonstrate the bad faith of the IRS.

Second, it is likewise immaterial that the revenue agent once worked at the accounting firm employed by petitioner. The revenue agent's association with the firm ended many years before the issuance of the summonses, and he had worked for two other accounting firms in the interim.

Third, no legitimate claim of privilege has been presented. If petitioners truly believe that privileged communications were being requested, they should have submitted a log so that an appropriate determination could be made as to whether or not the communications were in fact privileged.

Fourth, it is immaterial that petitioners were audited in prior years. The fact that a taxpayer is audited in one year does not insulate the taxpayer from being audited in subsequent years.

Fifth, the fact that the revenue agent proposed to schedule an interview with Mr. Barakat at 9:14 am was not, as petitioners contend, "a thinly veiled threat of instituting a criminal investigation and another example of Revenue Agent Feldman's attempts to intimidate the petitioners." Petitioners suggest that the "9:14" reference was to a transaction code related to a criminal fraud investigation. Revenue Agent Feldman has submitted an affidavit stating that he was unfamiliar with the transaction code. It appears that the "9:14" reference in the email was a typographical error and that Feldman meant to state "9:15 am."

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: March 16, 2016

/s/ J. Frederick Motz
J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF
2016 MAR 16  PM 12: 02
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY